UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOURTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-03021-01-CR-S-MDH |
| | ) |
| CARLOUS S. HORTON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Carlous S. Horton's ("Defendant's") *Pro Se* First Step Act Petition of Judicial Notice of New Supreme Court Precedent (Doc. 1092), Motion to Reduce Sentence Under Sentencing Guideline Amendments 782 and 788 (Doc. 1115), and Motion to Take Judicial Notice of Sentencing Commission's New Guideline Amendments (Doc. 1118). The Government has responded in opposition to each of Defendant's Motions (Docs. 1094, 1116, 1122). Defendant has replied in turn to his First Step Act Petition of Judicial Notice of New Supreme Court Precedent (Doc. 1109) and to his Motion to Reduce Sentence Under Sentencing Guideline Amendments 782 and 788. (Doc. 1117). The Court has considered all briefing. For reasons herein, Defendant's Motions are **DENIED**.[1]

## BACKGROUND

A federal jury convicted Defendant on April 30, 2012 of the following: Count 1 conspiracy

---

[1] Defendant also requests this Court appoint counsel to represent him. (Doc. 1115). Defendant cites no authority in support of his assertion. Constitutional rights for representation do not apply to proceedings under § 3582(c), nor to proceedings under § 2255. *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Therefore, Defendant's request for appointment of counsel is likewise **DENIED**.

1

to distribute five kilograms or more of cocaine, to manufacture 280 grams or more of cocaine base, and to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); Counts 2, 3, 4, 5, 6, and 59 possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); Counts 39 and 43 distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); Count 58 possession of cocaine with intent to manufacture 280 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); Count 61 being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (e)(1); Counts 65, 66, and 67 money laundering; and Count 70 wire fraud. (Doc. 374). Defendant was then sentenced to the following concurrent prison terms: life on Counts 1, 58, and 61; 360 months on Counts 2, 3, 4, 5, 6, 30, 39, 43, and 59; 240 months on Counts 65, 66, and 67; and 120 months on Count 70. (Doc. 493). The Court sentenced Defendant to mandatory life imprisonment pursuant to 21 U.S.C. §841(b)(1)(A). (Doc. 552). The Eighth Circuit upheld Defendant's criminal conviction on appeal. *United States v. Horton*, 756 F.3d 569, 573 (8th Cir. 2014).

## ARGUMENT

### I. Defendant ineligible for subsequent relief pursuant to 28 U.S.C. § 2255

At the outset, it remains unclear under what authority any of Defendant's Motions seeks relief. Defendant has unsuccessfully sought § 2255 relief from this Court on previous occasions (Docs. 654, 711 , 750, 752, 907, 953). The Eighth Circuit has also specifically denied Defendant's request to seek subsequent § 2255 relief. (Doc. 1095). To the extent Defendant's Motions seek subsequent relief under 28 U.S.C. § 2255, Defendant has failed to seek and receive authorization pursuant to 28 U.S.C. § 2255(h). Without such authorization, this Court lacks jurisdiction to entertain any subsequent § 2255 motion from Defendant. Defendant may not evade this requirement by attempting to invoke another procedure, or by filing a motion that seeks § 2255 relief and is merely

labeled otherwise. *United States. v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002); *United States v. Noske*, 255 F.3d 405, 406 (8th Cir. 2000). Consequently, to the extent Defendant's Motions seek further § 2255 relief, this Court lacks jurisdiction to consider the merits of Defendant's Motions. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

## II.  Defendant remains ineligible for First Step Act relief as a matter of law

Should Defendant's *Pro Se* First Step Act Petition of Judicial Notice of New Supreme Court Precedent (Doc. 1092) seek some form of relief apart from § 2255, Defendant's Motion nonetheless lacks merit. Defendant's Motion cites two relatively new holdings from the United States Supreme Court and the Eighth Circuit. *See Concepcion v. United States*, 142 S. Ct. 2389, 2401 (2022) (districts may consider intervening legal and factual changes when evaluating whether to reduce criminal sentence under First Step Act); *United States v. Spencer*, 998 F.3d 843, 845 (8th Cir.), *cert. denied*, 210 L. Ed. 2d 878, 141 S. Ct. 2715 (2021), and *cert. denied*, 211 L. Ed. 2d 196, 142 S. Ct. 369 (2021), and *cert. denied,* 211 L. Ed. 2d 196, 142 S. Ct. 369 (2021) (conspiracy to distribute crack and powder cocaine eligible for reduction under First Step Act). Specifically, Defendant asks this Court to "make the 2016 amendments to the career offender guidelines retroactive." (Doc. 1092 at 1). Defendant concedes, however, this Court may not consider a First Step Act motion if either one of two conditions is met: first, if the Court imposed the sentence after the Fair Sentencing Act took effect; or second, when the Court has already considered and rejected a motion under the First Step Act. (Doc. 1092 at 1). *See also Concepcion v. United States*, 213 L. Ed. 2d 731, 142 S. Ct. 2389, 2401–02 (2022) ("district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act.") Defendant contends, however, neither condition is met in the present case.

3

This Court disagrees. As the Government asserts, both conditions are met in the present case, rendering this Court unable, as a matter of law, to consider Defendant's First Step Act arguments. Defendant has sought relief from this Court under the First Step Act at least three times (Docs. 959, 965, 1062). This Court previously denied each request, finding in relevant part Defendant remains "ineligible for relief because the defendant's sentencing came after the Fair Sentencing Act took effect and the defendant received the benefits of the Act's changes to the statutory range of punishment for crack cocaine offenses." (Doc. 1070). Further, given the dates on which Defendant committed the offenses for which he received life imprisonment, Defendant's offenses are unlikely to qualify as "covered" under Section 404(a) of the First Step Act. PL 115-391, December 21, 2018, 132 Stat 5194. Counts One, Fifty-Eight, and Sixty-One, for which Defendant received mandatory life sentences, correspond to conduct taking place at least in part after August 3, 2010, the First Step Act's cutoff date for any offense to count as "covered" for purposes of seeking retroactive relief. *Id.* Accordingly, Defendant remains ineligible for relief under the First Step Act as a matter of law.

### III. Sentencing guideline amendments 782 and 788 do not apply to Defendant's sentence

Defendant's Motion to Reduce Sentence Under Sentencing Guideline Amendments 782 and 788 (Doc. 115) asks this Court to reduce Defendant's sentence pursuant to 2014 guideline amendments 782 and 788, which collectively reduce drug quantity base offense levels under Section 2D1.1 of the Sentencing Guidelines and apply those reductions retroactively. Defendant previously sought the same relief from this Court (Docs. 656, 658). This Court denied Defendant's prior Motions for relief, finding the 2014 guideline amendments inapplicable because Defendant's mandatory life sentences were imposed pursuant to statute. (Docs. 879, 880). Defendant asserts no

4

new arguments suggesting a change of law or fact since this Court's previous rulings on this issue. Therefore, Defendant's sentence, imposed by statute, remains ineligible for modification via guideline amendments 782 and 788.

### IV. Defendant's request for this Court to take notice of amendments to Sentencing Commission guidelines is untimely when those guidelines have not yet taken effect

Defendant's final Motion (Doc. 1118) requests that this Court take judicial notice of proposed guideline amendments from the Sentencing Commission, suggesting a potential modification in the analysis for compassionate release under 18 U.S.C. § 3582. First, a proposed guideline amendment is not an "adjudicative fact" of which this Court may take judicial notice pursuant to Federal Rule of Evidence 201. Second, *proposed* guideline amendments from the Sentencing Commission fail to constitute authority on which this Court can grant relief. Once such proposed amendments become finalized, adopted, and take effect, then this Court may consider any changes to the analysis for compassionate release. Until such time, however, Defendant's request remains untimely.

### CONCLUSION

For foregoing reasons, Defendant's Motions (Docs. 1092, 1115, 1118) are **DENIED**.

**IT IS SO ORDERED.**

DATED: June 1, 2023

                                                       */s/ Douglas Harpool*
                                                     **DOUGLAS HARPOOL**
                                                     **UNITED STATES DISTRICT JUDGE**