IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-03021-01-CR-S-MDH |
| ) | |
| CARLOUS S. HORTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Supplemental Motion for Reduced Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 1165). The Government opposes Defendant's Motion for Reduced Sentence and has filed its response. (Doc. 1173). Defendant has filed his reply suggestions. (Doc. 1175). A motion hearing was held on January 27, 2025. As such this matter is now ripe for adjudication on the merits. For the reasons discussed herein, Defendant's Supplemental Motion for Reduced Sentence is denied.

## BACKGROUND

On July 20, 2011, a federal grand jury returned a 70-count second superseding indictment naming Defendant as one of the defendants in Count 1 – conspiracy to distribute five kilograms or more of cocaine, to manufacture 280 grams or more of cocaine base, and to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; Counts 2-6, 30, 39, 43, and 59 – distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); Count 58 – possession of cocaine with intent to manufacture 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); Count 61 – felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Counts 65, 66, and 67 – money

1

laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(I); and Count 70 – wire fraud, in violation of 18 U.S.C. § 1957. (Doc. 107).

Prior to trial, the Government filed a notice pursuant to 21 U.S.C. § 851, alerting Defendant that it was seeking life sentences for Counts 1 and 58 pursuant to 21 U.S.C. § 841(b), based on four prior convictions:

(1) A 2010 Oklahoma conviction for Trafficking in Illegal Drugs, in violation of 63 O.S. 2-415 (Case No. CF-2009-66);

(2) A 1995 Illinois conviction for Possession of a controlled Substance with Intent to Deliver, in violation of Chapter 56.5, Section 1401(D) of the Illinois Revised Statutes 1989 (Case No. 92CR2155301);

(3) A 1995 Illinois conviction for Possession of a Controlled Substance with Intent to Deliver, in violation of Chapter 720, Act 570, Section 401-C-2 of the Illinois Complied Statutes 1992 (95CR0330401); and

(4) A 1999 Illinois conviction for Possession of a Controlled Substance with Intent to Deliver, in violation of Chapter 720, Act 570, Section 401-D of the Illinois Complied Statutes 1992 (Case No. 98CR01934801).

(Doc. 288). These prior convictions were also used to enhance Mr. Horton's mandatory minimum sentence on Count 61 to fifteen years, pursuant to 18 U.S.C. § 924(a)(2) and (e)(1).

Defendant was convicted following trial and was sentenced on October 22, 2012 to life on Counts 1, 58, and 61; 360 months on each of Counts 2-6, 30, 39, 43, and 59; 240 months on each of Counts 65-67; and 120 months as to Count 70, all of which were to be served concurrently. (Doc. 493). On January 17, 2025, President Jospeh R. Biden commuted Defendant's sentence to a term of 280 month's imprisonment.

**STANDARD**

For a district court to be able to grant a § 3582(c)(1)(A) reduction the defendant must meet three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing

reduction would be consistent with United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, including that the defendant is not a danger to another person or the community; and (3) the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

## ANALYSIS

Defendant argues the Court should grant him a reduction in his sentence based off of the U.S.S.G § 1B1.13(b)(6) allowing the court to consider a change in the law as an extraordinary and compelling reason for a sentence reduction when the Defendant has received an "unusually long sentence," has served at least ten years in prison, and the change would produce a "gross disparity" between the sentence being served and the sentence likely to be imposed at the time the motion is filed. The Government argues that the sentencing commission exceeded its authority in promulgating U.S.S.G. § 1B1. 13(b)(6) and that *United States v. Crandall* controls and forecloses a district court from granting a sentence reduction based on a nonretroactive change in the law.

**I.     Sentencing Commission's Authority in Promulgating U.S.S.G. § 1B1.13(b)(6)**

The Government argues that the Sentencing Commission exceeded its authority and thus U.S.S.G. § 1B1.13(b)(6) is an invalid exercise of the Commission's authority. Specifically, the Government argues that subsection (b)(6) conflicts with § 3582(c)(1)(A) because nonretroactive changes to sentencing law are neither extraordinary nor compelling. The Government also contends that the Sentencing Commission's interpretation presents separation-of-power concerns because it contradicts Congress's deliberate choice not to make the change in sentencing law retroactive.

District courts have broad discretion, at both initial sentencing and in later proceedings to modify a sentence, "to consider all relevant information … consistent with their responsibility to sentence the whole person before them, and that "such discretion is bounded only when Congress or the Constitution expressly limits the type of information a district court may consider in modifying a sentence." *Concepcion v. United States*, 597 U.S. 481, 491 (2022). "Congress is not shy about placing [sentencing modification] limits where it deems them appropriate." *Id*. Congress broadly empowered and directed the Commission to issue binding guidance as to what circumstances qualify for potential reduction. *See United States v. Capps*, No. 1:11-CR-00108-AGF, 2024 WL 880554, at *7 (E.D. Mo. Jan. 31, 2024), *appeal dismissed*, No. 24-1688, 2024 WL 4481497 (8th Cir. Apr. 10, 2024); *United States v. Henderson* 4:08-CR-00187-AGF, 2024 WL 881253 (E.D. Mo. Feb. 23, 2024). Nothing in the statue's text prohibits the Commission from considering nonretroactive changes in the law as extraordinary and compelling reasons for a sentence reduction. *Id*. Congress chose not to impose a prohibition with respect to nonretroactive changes in the law. The Commission has now addressed the issue of nonretroactive changes in the law as extraordinary and compelling reasons for a sentence reduction under certain circumstances and a "reviewing court is not free to set aside [that interpretation] simply because it would have interpreted the statue in a different manner." *Batterton v. Francis*, 432 U.S. 416, 425 (1977). The Court finds that the Sentencing Commission authority to promulgate U.S.S.G. § 1B1.13(b)(6) was appropriate.

II.     *Crandall* **and the November 2023 U.S.S.G. Amendment**

Next, the Government contends even if the Sentencing Commission had authority to promulgate U.S.S.G. § 1B1.13(b)(6) that Eighth Circuit precedent in *United States v. Crandall*

4

controls and forecloses a district court from granting a sentence reduction based on a nonretroactive change in the law.

*United States v. Crandall*, 25 F. 4th 582 (8th Cir. 2022) held that a nonretroactive change in the law is not grounds for a sentence reduction. The *Crandall* court acknowledged the circuit split at the time but held "the views of a present-day Congress, like those of a present-day sentencing judge, about the appropriate punishment for a present-day offense do not establish an 'extraordinary and compelling reason' for reducing a sentence-imposed years ago." *Id*. at 586. That case was decided on November 9, 2022. However, when the Sentencing Commission amended the Sentencing Guidelines effective November 1, 2023 it specifically sought to allow district courts to consider nonretroactive changes in law. "The amendment agrees with the circuits that authorize a district court to consider nonretroactive changes in the law as extraordinary and compelling circumstances warranting a sentence reduction but adopts a tailored approach that narrowly limits that principle. *United States v. Capps*, No. 1:11-CR-00108-AGF, 2024 WL 880554, at *7 (E.D. Mo. Jan. 31, 2024), *appeal dismissed*, No. 24-1688, 2024 WL 4481497 (8th Cir. Apr. 10, 2024). Additionally, various cases at the district court level in the Eighth Circuit have concluded that the November 2023 amendments to the sentencing guidelines explicitly allow courts to consider nonretroactive changes in law despite the *Crandall* holding. *See United States v. Capps*, 1:11-CR-00108-AGF, 2024 WL 880554 (E.D. Mo. Jan. 31, 2024); *United States v. Henderson*, 4:08-CR-00187-AGF, 2024 WL 881253 (E.D. Mo. Feb. 23, 2024); and *United States v. Coleman*, No. 4:01-CR-296-RLW, 2024 WL 3372847 (E.D. Mo. July 8, 2024). The Court finds *Crandall* does not foreclose a district court within the Eighth Circuit from considering a nonretroactive change in law pursuant to U.S.S.G. 1B1.13(b)(6).

### III. Application of U.S.S.G. § 1B1.13(b)(6) to Defendant's Case

### a. U.S.S.G. § 1B1.13(b)(6)

Defendant argues the Court should grant him a reduction in his sentence based off of the U.S.S.G. § 1B1.13(b)(6) allowing the court to consider a change in the law as an extraordinary and compelling reason for a sentence reduction when the Defendant has received an "unusually long sentence," has served at least ten years in prison, and the change would produce a "gross disparity" between the sentence being served and the sentence likely to be imposed at the time the motion is filed. Specifically, Defendant points to the First Step Act, passed by Congress in 2018, which recognized that mandatory life sentences for non-violent drug offenders were unduly harsh and amended the mandatory minimum sentence increase for individuals.

> U.S.S.G. § 1B1.13(b)(6), as amended provides:
>
> (a) In General. —Upon motion of the … defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that
>
>> (1) (A) Extraordinary and compelling reason warrant the reduction;
>> …
>>
>> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>>
>> (3) The reduction is consistent with this policy statement.
>
> (b) Extraordinary and Compelling Reasons.— Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
>> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion

is filed, and after full consideration of the defendant's individualized circumstances.

*Id*.

Subsection (b)(6) of the amendment specifically authorizes district courts to consider nonretroactive changes in the law (other than nonretroactive changes to the Guidelines Manual) as extraordinary and compelling circumstances warranting a sentence reduction, but only under a narrow set of circumstances. Those circumstances include: (1) the defendant must be serving an unusually long sentence; (b) the defendant must have served at least 10 years of that sentence; (c) the change in the law must have produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed; and (d) the court must have fully considered the defendant's individual circumstances.

### b. Unusually Long Sentence

Defendant argues that a sentence of life imprisonment is unusually long. The Government first argues that Defendant's life sentence was dictated by statute, and it is not "unusually long" because other defendants convicted under 21 U.S.C. § 841(b)(1)(A) and notified under 21 U.S.C. § 851 of at least two qualifying predicate convictions also faced the same sentence. The Government additionally argues that if Defendant was sentenced today, even assuming his prior Illinois convictions for unlawful use of a firearm and possession of a firearm by a convicted felon was invalidated by the Illinois Supreme Court, his Guidelines range would still be 360 months to life imprisonment.

Defendant notes that the Sentencing Commission shows only about 0.2 percent of federal offenders received a life sentence from fiscal years 2016 through 2021. *See United States v. Wright*, No. 4:11-cr-00168-BSM, U.S. Dist. LEXIS 78547, at *3-4 (E.D. Mo. July 8, 2024) (citing *United States v. Henderson*, Case No. 4:08-cr-00187-AGF, 2024 U.S. Dist. Lexis 38317,

2024 WL 881253, at *5 (E.D. Mo. Feb. 23, 2024)). Defendant cites that in 2013, the average sentence given to a career offender in criminal history category VI convicted of drug trafficking was 151 months compared to in 2023 when a defendant with the same criminal history category was sentenced to 133 months. *See United States v. Wright*, No. 4:11-cr-00168-BSM, U.S. Dist. LEXIS 78547, at *4 (citing U.S. Sent'g Comm'n, *Length of Imprisonment for Offenders in Each Criminal History Category by Primary Offense Category* (FY 2013) and (FY 2023)). Defendant further shows for comparison that an average sentence for a defendant in category VI convicted of murder in 2023 was 333 months. *Id*.

Here, Defendant's sentence was not excessive after the commutation. Defendant's original statutory guideline range required a sentence between 360 months to life. Defendant being given a commutation to 280 months is not unusually long sentence for those guilty of the same crime. Additionally, Defendant's statutory guidelines would be the same even if he was resentenced today. The Government has shown even assuming Defendant's arguments were true regarding changes in his offense level and criminal history Defendant's guidelines of 360 months to life would still be appropriate. Lastly, Defendant's citation to statistics only look to the average sentence and does not fully account for specific circumstances of this crime and enhancements. Defendant's specific offense characteristics and adjustments for role in offense are reflected in ¶¶ 37 and 39 in the Presentence Investigation Report (Doc. 460) and warrant an offense level greater than what would be mandated by U.S.S.G. § 4B1.1(b). The Court finds given Defendant's commutation, the sentencing guidelines if Defendant was resentenced today, and Defendant's specific circumstances of the crime that Defendant has not satisfied his burden to show he is serving an unusually long sentence nor that his sentence is grossly disparate.

## CONCLUSION

For the reasons stated above, Defendant's Supplemental Motion for Order for Reduced Sentence is **DENIED**.

**IT IS SO ORDERED**.

DATED:  February 27, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**